

# The Attorney General of Texas

May 24, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Bill Clayton
Speaker of the House
State Capitol
Austin, Texas 78711

Opinion No. H- 1167

Re: Use of funds by state-supported universities.

Dear Speaker Clayton:

You have requested our opinion regarding the use of funds by state-supported universities. You first ask whether interest monies accumulated on constitutionally dedicated funds, appropriated funds, and other revenue defined as "local funds" may be used at the discretion of the particular university.

Section 11 of article 7 of the Texas Constitution, which creates the Permanent University Fund on behalf of the University of Texas System and the Texas A & M University System, provides that

> the interest accruing thereon shall be subject to appropriation by the Legislature to accomplish the purpose declared in [article 7, section 10].

Section 11a of article 7 provides further that the

> interest, dividends and other income accruing from the investments of the Permanent University Fund, except the portion thereof which is appropriated by the operation of Section 18 of Article VII for the payment of principal and interest on bonds or notes issued thereunder, shall be subject to appropriation by the Legislature to accomplish the purposes declared in Section 10 of Article VII of this Constitution.

Section 18, which authorizes the issuance of bonds by the various institutions of the University of Texas and Texas A & M University Systems, directs that bonds issued thereunder "shall be payable solely out of the income from the

p. 4720

Permanent University Fund."   Finally, section 17 creates "a special fund for the purpose of acquiring, constructing and initially equipping buildings or other permanent improvements" at designated institutions of higher learning.

A pro rata portion of the interest from each university's fund under sections 17 and 18 of article 7 is credited to that institution's account in the state treasury, pursuant to article 2543d, V.T.C.S., and is used, first, to retire outstanding bond obligations.   Any surplus must be used to finance additional permanent improvements.   Thus, interest on these funds is subject to appropriation for the constitutionally specified purposes.

With regard to other funds, section 51.008(b) of the Education Code requires that every state institution

> deposit in the state treasury all cash receipts . . . that may be derived from all sources except auxiliary enterprises, noninstructional services, agency and restricted funds, endowment funds, student loan funds, and Constitutional College Building Amendment funds.

Any interest received on such deposits which is not credited to a constitutional fund under article 2543d is allocated to the General Revenue Fund, "with the exception of that portion required by other statutes to be credited on a pro rata basis to protested tax payments."   A state university thus has no control over the use of interest accruing on any funds which are deposited in the state treasury, since such interest becomes a part of the General Revenue Fund and subject to legislative appropriation.

As we have noted, section 51.008 of the Education Code describes various kinds of university receipts which need not be deposited in the state treasury. Section 51.002 further authorizes certain institutions to retain control of sums derived from certain activities.   Expenditure of these local funds is controlled by section 51.004 of the Education Code, which requires that separate accounts be kept "showing the sources of all sums collected and the purposes for which disbursements are made," and specifically, that general funds be kept separate from trust funds. Education Code § 51.004(b).   Interest on each of these accounts

> may be credited to an appropriate account in either general funds or trust funds in relation to the sources of temporary investments in time deposits, if the disposition of the earnings was not specified by the grantor.

See Acts 1977, 65th Leg., ch. 872, at 3094, art. IV, § 2 (appropriating institutional funds for the operation, maintenance and improvement of the respective colleges and universities).   Education Code § 51.004(d).   Thus, subject to any restrictions

imposed by the Legislature in the Appropriations Act or otherwise, interest from local funds which are not classified as trust funds may be proportionately credited to the appropriate account and used by the university. The disposition of interest accruing on trust funds may be specified by the grantor, but if it is not, it must be made "available for loans, scholarships, fellowships, institutional research, faculty aid, and other lawful purposes." Id.

You also ask whether state-supported universities are required to engage in standard competitive bidding practices regardless of the funding source of the purchase. Article 664-3, section 5, V.T.C.S., requires that the Board of Control

> purchase all supplies, materials, services, and equipment used by each Department of the State Government, including the State Prison System, and each eleemosynary institution, Teachers College, Agricultural and Mechanical College, University of Texas, and each and all other State Schools or Departments of the State Government heretofore or hereafter created . . . .

Certain purchases may be made without Board authority, however, including

> [p]urchases of supplies, materials, services and equipment for resale, for auxiliary enterprises, for organized activities relating to instructional departments of institutions of higher learning, and for similar activities of other State Agencies, and purchases made from gifts and grants . . . .

As to this latter group of items, the statute does not require Board of Control approval, and, as a result, an institution is not expressly required to make such purchases on the basis of competitive bidding.

## S U M M A R Y

> Interest accruing on funds under sections 17 and 18 of article 7 of the Texas Constitution must be used to retire outstanding bond obligations and to finance permanent improvements. Interest on the remainder of the Permanent University Fund is subject to legislative appropriation. In general, accrued interest on local funds may be expended by the particular university, but certain restrictions are imposed upon the use of trust funds. Competitive bidding is required by article 664-3, V.T.C.S., on most purchases by state-supported universities, but certain items are excepted therefrom.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn